

**Harmeet K. Dhillon**
Harmeet@DhillonLaw.com

June 2, 2022

<u>**FILED ON ECF**</u>

Hon. Ronnie Abrams
United States District Court, Southern District
of New York
40 Foley Square, Room 2203
New York, New York 10007

      **Re:**    **Christopher Cook v. EaglePicher Technologies, LLC et al.,
              No. 22-cv-01893. Joint Letter re: Case Management Plan**

Dear Judge Abrams:

      Pursuant to the Parties' submission of the Case Management Plan and Scheduling Order, the Parties jointly submit this letter.

   **1.**  **A brief statement of the nature of the action and the principal defenses thereto;**

      In 2017, Plaintiff sold his interests in LithiumStart, the company that he created with his brother, to EaglePicher. EaglePicher was then owned and managed by Apollo Global Capital, based in New York, and the agreements at issue were negotiated and executed by Apollo in New York. Pursuant to the purchase agreement, Plaintiff would be employed by EaglePicher and would be subject to further earn-out payments after completing certain milestones. Plaintiff alleges that there was a series of events that triggered his contractual right to acceleration payments as called for by the Purchase Agreement. Additionally, Plaintiff alleges that he was entitled to nine months of severance, as called for by the Employment Agreement. EaglePicher contends that Plaintiff is not entitled to any payment, since he failed to satisfy conditions precedent to any payments owed— acceleration payments or severance.

      Defendant denies that Plaintiff is entitled to any payments under the Purchase Agreement or the Employment Agreement. Defendant contends that the triggering events for these payments did not occur. Additionally, Defendant argues that Plaintiff did not satisfy the conditions precedent for payment under the agreements. Finally, Defendant argues that Plaintiff's claim for payment under the Purchase Agreement is based on an improper reading of the contract that produces an absurd result.

Hon. Ronnie Abrams
June 2, 2022
Page 2 of 3

2. **A brief explanation of why jurisdiction and venue lie in this Court. If any party is a corporation, the letter shall state both the place of incorporation and the principal place of business. If any party is a partnership, limited partnership, limited liability company or trust, the letter shall state the citizenship of each of the entity's members, shareholders, partners and/or trustees;**

   Under the contracts at issue, the parties have consented to personal jurisdiction and venue in the Southern District of New York. (At the time the contracts were executed, Defendant was owned by Appollo Global Management, LLC, which is based in New York City).

   Subject matter jurisdiction is pursuant to 28 U.S.C. § 1332(a)(1). Plaintiff is an individual and a resident of California. EaglePicher Technologies, LLC ("EPT") is wholly-owned by OMG Energy Holdings, Inc., which is a Delaware corporation with its principal place of business in St. Louis, Missouri.

3. **A brief description of all contemplated or outstanding motions;**

   Plaintiff does not have any contemplated or outstanding motions at this time. Defendants have filed a Motion to Dismiss, which is pending before the Court.

4. **A brief description of any discovery that has already taken place, and/or that which will be necessary for the parties to engage in meaningful settlement negotiations;**

   No discovery has taken place. Plaintiff anticipates he will need an initial round of discovery prior to the engagement of meaningful settlement negotiations. Defendant does not believe that discovery is necessary in order to have meaningful settlement negotiations.

5. **A brief description of prior settlement discussions (without disclosing the parties' offers or settlement positions) and the prospect of settlement;**

   The parties believe settlement may be possible after a ruling on Defendant's Motion to Dismiss.

6. **The estimated length of trial; and**

   The Parties estimate a trial of approximately two to three days.

Hon. Ronnie Abrams
June 2, 2022
Page 3 of 3

**7. Any other information that the parties believe may assist this Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issues raised by the case**

The Parties do not have any other information to add at this time.

Respectfully,                                           Respectfully,

/s Harmeet K. Dhillon_____                  /s Robert Cohen_____
Harmeet K. Dhillon                                  Robert Cohen
DHILLON LAW GROUP INC.                    TAYLOR & COHEN LLP
177 Post Street – Suite 700                        305 Broadway, 7th Floor
San Francisco, CA 94108                          New York, New York 10007
Tel. (415) 433.1700                                   Tel. (212) 257-1900
harmeet@dhillonlaw.com                          rcohen@taylorcohenllp.com

*Attorneys for Plaintiff Christopher Cook*     *Attorneys for Defendant EaglePicher Technologies, LLC.*